NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA BROWN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DENISE PURDY,<br><br>　　　　　　Defendant. | Civil Action No.: 12-4123 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES, District Judge.**

This matter comes before the Court by way of *pro se* Plaintiff Angela Brown's July 2, 2012 Complaint along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court has considered Plaintiff's Complaint and for the reasons set forth below dismisses her case without prejudice.

**I.　BACKGROUND**

While Plaintiff's recitation of the facts is difficult to decipher, it appears Plaintiff filed a claim for Social Security disability benefits after breaking her ankle while stepping onto a train on November 16, 2011. (Compl. Ex. 1 at 3). After applying for disability benefits, Plaintiff received a letter from Defendant, a Social Security claims examiner, on April 20, 2012 denying Plaintiff's benefits. (Compl. at 5). Plaintiff alleges she sent a reply letter on April 26, 2012 protesting the denial of benefits. (Id.) She subsequently filed this action in the District Court alleging Defendant improperly denied her claim. (Id. at 3-4).

In her Complaint, Plaintiff avers that she has "previously . . . sought informal or formal relief from the appropriate administrative officials regarding the acts complained of." (Id. at 4). In support of her claim, Plaintiff has submitted papers from various Social Security mailings, including statements of estimated benefits (Compl. Ex. 1 at 13-19), which she alleges demonstrate her "intitlements to recieve payments if [she] become[s] disability/disabiled temporarly" [sic]. (Id. at 9). Although Plaintiff refers to her military service, the import of this information is not clear, nor is the reason why she avers that her employer, New Jersey Transit, "has nothing to due [sic] with [her] Social Security Benefits but the Military does," (Id. at 9-10), since she has worked primarily for New Jersey Transit since 1998. (Compl. Ex. 2 at 2). Finally, Plaintiff alleges variously that she has not received "sick or vacation pay" or "any other disability benefits provided by [her] employer," (Compl. at 3), and that she receives $330.00 benefits biweekly from New Jersey Transit, which appears to be distinct from her salary (ordinarily $2,500 a month). (Compl. Ex. 2 at 2).

## II.  LEGAL STANDARD

This Court is authorized to screen and dismiss complaints filed by a plaintiff proceeding *in forma pauperis* if it determines that the plaintiff has failed to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B) (1996).  Although *pro se* plaintiff's are often held to less stringent standards than those represented by counsel, a complaint must be dismissed where the plaintiff has failed to provide any facts in support of the claim that would entitle him or her to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996).

Additionally, a plaintiff must follow certain procedures when appealing an unfavorable Social Security determination. 20 C.F.R. § 405.1(b) (2011). If he is "dissatisfied with the initial

determination" on his claim, a Social Security claimant must first ask the Social Security Administration ("SSA") to reconsider its determination of disability. 20 C.F.R. § 405.1(b)(2). If he is "dissatisfied with the reconsidered determination, [he] may request a hearing before an administrative law judge" ("ALJ"). 20 C.F.R. § 405.1(b)(3). If he is dissatisfied with that ruling he may "request that the Appeals Council review" the ALJ's "action." 20 C.F.R. § 405.1(b)(4). Finally, if a claimant has "pursued [his] claim through all levels of [the] administrative process and [is] dissatisfied with [the] final decision, [he] may request judicial review by filing an action in Federal district court." 20 C.F.R. § 405.1(b)(5).

### III.   DISCUSSION

#### a. Failure to State a Claim

Plaintiff has not stated a claim for which relief can be granted. Plaintiff's Complaint contains factual allegations that are entirely unclear. Plaintiff provides no specific examples of how Defendant has wronged her nor has she provided information about any abrogation of her civil rights despite filing a civil rights complaint. Plaintiff's claim revolves around her belief that the SSA *will* pay her in the event of a disability. She offers SSA mailings detailing estimated disability benefits in support of this position, but the SSA is not obligated to pay benefits on all disability claims. It is unclear why Plaintiff mentions her military service and why she believes it is more relevant to her disability claim than her employment for New Jersey Transit. Additionally, her allegations regarding the income she has received since she stopped working are perplexing.

As best as this Court can discern, Plaintiff has filed this action because she is displeased with the outcome of her Social Security claim, but as Plaintiff's Complaint is currently articulated it does not state a claim for which relief can be granted since the SSA is not required

to pay benefits on all disability claims and Plaintiff has not provided a single example of how Defendant has violated her rights.

### b. Failure to Exhaust Administrative Remedies

Even assuming, *arguendo*, that Plaintiff has stated a claim for which relief can be granted, Plaintiff does not appear to have exhausted her administrative remedies prior to filing this appeal in the District Court. The record does not suggest that she requested an initial reconsideration from the SSA, asked for a hearing with an ALJ, or appealed the ALJ's ruling (if one ever existed) to the Appeals Council. Instead, after she received a letter indicating the SSA denied her benefits, Plaintiff sent a reply letter to her claims examiner and subsequently filed this action in the District Court. Even if Plaintiff has in fact exhausted her administrative remedies, she has not provided supporting evidence in her Complaint. Until that time when Plaintiff has both exhausted her administrative remedies and affirmatively documented her specific actions in a revised complaint, this Court maintains that Plaintiff has failed to exhaust her administrative remedies.

### c. Leave to Amend

In light of Plaintiff's *pro se* status, Plaintiff is hereby granted leave to amend her Complaint and cure its pleading deficiencies. In doing so, Plaintiff should be guided by the following directives:

1. A well-pleaded complaint requires factual support for its assertions. Plaintiff should describe, in detail, those actions by Defendant that she believes support her claim that Defendant discriminated against or otherwise wronged her in denying her Social Security disability claim.

2. Plaintiff should fully exhaust her administrative remedies before pursuing litigation in this court or in any other court or jurisdiction. If Plaintiff has in fact exhausted her administrative remedies, she should affirmatively plead to that effect in her amended complaint.

3. With respect to filing any new submissions, Plaintiff is advised to be cognizant of the strict filing deadlines delineated in the Federal Rules of Civil Procedure the Local Rules, and this Order.

**Accordingly, IT IS on this 9th day of August, 2012**

**ORDERED** that Plaintiff's Complaint is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff shall refile an amended complaint that conforms to the guidelines of this opinion within 30 days of the entry of this Order; and it is further

**ORDERED** that failure to conform to the deadlines set forth in this Order will result in summary dismissal of this matter with prejudice.

**SO ORDERED**.

    s/ Jose L. Linares_____
    JOSE L. LINARES
    UNITED STATES DISTRICT JUDGE